IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TODD AUSTIN,                                )
                                           )
            Plaintiff,                     )
                                           )
      v.                                    )
                                           )
CITY OF CHICAGO HEIGHTS,                    )
Chicago Heights Police Officer              )
Martinez, Star # 136, and UNKNOWN          )
CHICAGO HEIGHTS POLICE OFFICER,             )
                                           )   JURY TRIAL DEMANDED
            Defendants.                     )

**FILED**

**DECEMBER 31, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

**08 C 4**

**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE COX**

## COMPLAINT

PLAINTIFF TODD AUSTIN, by and through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and UNKNOWN CHICAGO HEIGHTS POLICE OFFICER, and states as follows:

### Introduction

1.    This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3.    Venue is proper as Plaintiff resides in this judicial district and Defendant City of Chicago Heights is a municipal corporation located here.  Further, the events giving rise to the claims all occurred within this district.

**Background**

4.    Plaintiff Todd Austin, 46-years-old, is a resident of Chicago Heights, Illinois.

5.    On or about the evening of September 16, 2007, Officer Martinez and an Unknown Chicago Heights Police Officer (collectively "Defendant Officers") subjected Mr. Austin to an unreasonable search and seizure without cause or lawful justification.  Among other things, the Defendant Officers slammed Mr. Austin to the pavement and punched him in the jaw.

6.    As a result of Defendant Officers' conduct, Mr. Austin suffered severe injuries, including but not limited to physical and emotional pain and suffering.  More specifically, Mr. Austin suffered a broken jaw as a result of the Defendant Officers' abuse.  This injury, and the subsequent complications resulting from it, have severely affected Mr. Austin's day-to-day life, including his ability to work, communicate, eat, and sleep.

### Count I -- 42 U.S.C. § 1983
### Illegal Search and Seizure

7.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

8.    As described more fully above, Plaintiff's vehicle and person were searched by the Defendant Officers in a manner which violated the Fourth Amendment.

2

9.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

10.  The policy and practice of the City of Chicago Heights were the moving force behind these constitutional violations in that:

a.  As a matter of both policy and practice, the Chicago Heights Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.  As a matter of both policy and practice, the Chicago Heights Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.  Specifically, Chicago Heights Police Officers accused of misconduct can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in misconduct;

3

     d.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

     e.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Heights Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

     f.   The City of Chicago Heights has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

     11.   As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, including but not limited to as emotional distress.

     12.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

4

## Count II -- 42 U.S.C. § 1983
### Excessive Force

13.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

14.  As described in the preceding paragraphs, the conduct of the Defendant Officers toward Mr. Austin constituted excessive force in violation of the United States Constitution.

15.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

16.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described in preceding paragraphs.

17.  As a result of the unjustified and excessive use of force by the Defendant Officers, Mr. Austin sustained injuries, including but not limited to physical harm and emotional distress.

18.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count III -- 42 U.S.C. § 1983
### Failure to Intervene

19.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

20.  The Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

21.  As a result of the Defendant Officers' failures to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

22.  The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

23.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully above.

24.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions.

### Count IV -- State Law Claim
### Assault and Battery

25.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26.  As described in the preceding paragraphs, the conduct of the Defendant Officers constituted unjustified and offensive physical contact and/or apprehension of immediate

6

bodily harm, undertaken willfully and wantonly, proximately
causing injury to Plaintiff.

27.  The misconduct described in this Count was
objectively unreasonable and was undertaken intentionally with
malice, willfulness, and reckless indifference to the rights of
another.

28.  As a result of the offensive contact and/or
apprehension of bodily harm, Plaintiff sustained injuries,
including, but not limited to physical harm and emotional
distress.

29.  The misconduct described in this Count was
undertaken by the Defendant Officers within the scope of their
employment and under color of law such that their employer, City
of Chicago Heights, is liable for their actions.

### Count V -- State Law Claim
### Respondeat Superior

30.  Each of the foregoing Paragraphs is incorporated
as if restated fully herein.

31.  In committing the acts alleged in the preceding
paragraphs, the Defendant Officers were members and agents of the
Chicago Heights Police Department acting at all relevant times
within the scope of their employment.

32.  Defendant City of Chicago Heights is liable as
principal for all torts committed by its agents.

7

## Count VI --- State Law Claim
### Indemnification

33. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

35. The Defendant Officers are or were employees of the Chicago Heights Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, TODD AUSTIN, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and UNKNOWN CHICAGO HEIGHTS POLICE OFFICER, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, TODD AUSTIN, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/s/ Jon Loevy

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Amanda Antholt
Matthew Jenkins
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900