IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS, EASTERN DIVISION

| | | |
|---|---|---|
| TODD AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 04 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| CITY OF CHICAGO HEIGHTS, | ) | Magistrate Judge Cox |
| Chicago Heights Police Officer | ) | |
| MARTINEZ, Star #136, and UNKNOWN | ) | |
| CHICAGO HEIGHTS POLICE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

NOW COME the DEFENDANTS, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, AND UNKNOWN POLICE OFFICERS, by and through their attorneys, GARDINER KOCH & WEISBERG, and in answering Plaintiff's complaint states as follows:

### INTRODUCTION

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

   **ANSWER: Defendants admit the action is brought pursuant to 42 U.S.C Section 1983 but deny the remaining allegations contained in Paragraph 1.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

   **ANSWER: Defendants admit the allegations contained in Paragraph 2**

3. Venue is proper as Plaintiff resides in this judicial district and Defendant City of Chicago Heights is a municipal corporation located here. Further, the events giving rise to the claims all occurred within this district.

10. The policy and practice of the City of Chicago Heights were the moving force behind these constitutional violations in that:

   a. As a matter of both policy and practice, the Chicago Heights Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Heights Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   c. Specifically, Chicago Heights Police Officers accused of misconduct can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in misconduct;

   d. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Heights Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   f. The City of Chicago Heights has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

   **ANSWER:   Defendants the allegations contained in Paragraph 10.**

11. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, including but not limited to emotional distress.

   **ANSWER:   Defendants deny the allegations contained in Paragraph 11.**

12. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

> **ANSWER:** **Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 12.**

**Count II – 42 U.S.C. § 1983**
**Excessive Force**

13. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

    > **ANSWER:** **Defendants re-incorporate their answers to the allegations of each paragraph of Plaintiff's Complaint respectively as its answers to Paragraph 13.**

14. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Mr. Austin constituted excessive force in violation of the United States Constitution.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 14.**

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 15.**

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described in preceding paragraphs.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 16.**

17. As a result of the unjustified and excessive use of force by the Defendant Officers, Mr. Austin sustained injuries, including but not limited to physical harm and emotional distress.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 17.**

18. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

    > **ANSWER:** **Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 18.**

**Count III – 42 U.S.C. § 1983**
**Failure to Intervene**

19. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

>   **ANSWER:** **Defendants re-incorporate their answers to the allegations of each paragraph of Plaintiff's Complaint respectively as its answers to Paragraph 19.**

20. The Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

    > **ANSWER:** **Defendants deny that there were constitutional violations and therefore deny the allegations contained in Count III, Paragraph 20.**

21. As a result of the Defendant Officers' failures to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 21.**

22. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 22.**

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully above.

    > **ANSWER:** **Defendants deny the allegations contained in Paragraph 23.**

24. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions.

    > **ANSWER:** **Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 24.**

**Count IV – State Law Claim**
**Assault and Battery**

This Count is currently subject to Defendants' Motion to Dismiss.

**Count V – State Law Claim**
**Respondeat Superior**

This Count is currently subject to Defendants' Motion to Dismiss.

## Count VI – State Law Claim
## Indemnification

This Count is currently subject to Defendants' Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court award Judgment in its favor, together with all costs and allowable attorney fees, as well as such additional relief as determined by the Court.

Respectfully submitted,

**CITY OF CHICAGO HEIGHTS,**
**Chicago Heights Police Officer MARTINEZ,**
**Star # 136, AND UNKNOWN CHICAGO**
**HEIGHTS POLICE OFFICER**

By: _____
One of their attorneys

Thomas G. Gardiner
Gardiner Koch & Weisberg
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604
312-362-0000
312-362-0440 fax
Atty. No. 29637