```
              IN THE UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
```

| | |
|---|---|
| TODD AUSTIN,                              )   | |
|                                           )   | |
|           Plaintiff,                      )   | |
|                                           )   | 08 C 4 |
|     v.                                    )   | |
|                                           )   | Judge Holderman |
| CITY OF CHICAGO HEIGHTS,                  )   | |
| Chicago Heights Police Officer            )   | Magistrate Judge Cox |
| Martinez, Star # 136, and UNKNOWN         )   | |
| CHICAGO HEIGHTS POLICE OFFICER,           )   | |
|                                           )   | JURY TRIAL DEMANDED |
|           Defendants.                     )   | |

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

NOW COMES Plaintiff, TODD AUSTIN, by and through his attorneys, LOEVY & LOEVY, and responds to the Defendants' Motion to Dismiss and respectfully moves this Court for leave to amend his complaint. In support thereof, Plaintiff states as follows.

**I.     PLAINTIFF'S FACTUAL ALLEGATIONS**

Todd Austin is a 46 year-old resident of Chicago Heights, Illinois. See Complaint ¶ 4. On or about the evening of September 16, 2007, Mr. Austin's vehicle was stopped by Officer Martinez and an Unknown Chicago Heights Police Officer ("Defendant Officers"). Id. ¶ 5. The Defendant Officers subjected Mr. Austin to an unreasonable search and seizure without cause or legal justification. Id. During the course of the unlawful search and seizure, the Defendant Officers slammed Mr. Austin to the pavement and punched him in the jaw, all without legitimate justification. Id. As a result of this

incident, Mr. Austin suffered significant damages, including but not limited to a broken jaw and emotional pain and suffering. Id. ¶ 6.

## II.     LEGAL STANDARD

As this Court has recognized, "as long as the factual allegations in the complaint 'raise a right to relief above the speculative level' and plead 'enough facts to state a claim to relief that is plausible on its face,' the complaint will withstand a 12(b)(6) challenge." See United Laboratories, Inc. v. Savaiano, No. 06-1442, 2008 WL 148964, at *2 (N.D. Ill. January 7, 2008), citing Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965, 1974 (May 21, 2007)). Even after the Supreme Court's recent decision in Bell Atlantic, complaints in federal courts need only satisfy a notice pleading standard. Airborne Beepers & Video, Inc. v. At&T Mobility LLC, 499 F.3d 663, 667-68 (7th Cir. 2007)(citing Erickson v. Pardus, -- U.S. --, 127 S.Ct. 2197 (2007)). As a result, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Bell Atlantic, 127 S.Ct. at 1964). Finally, it is axiomatic that in reviewing a motion to dismiss, "the court assumes that all well-pleaded allegations in the complaint are true." United Laboratories,

2008 WL 148964 at *2, citing <u>Erickson</u>, 127 S.Ct. at 2200 (quoting <u>Bell Atlantic</u>, 127 S.Ct. at 1965).

### III.      THE "UNKNOWN OFFICER" ISSUE IS MOOT

Defendants' motion to dismiss based on Plaintiff's naming as a defendant an "Unknown Chicago Heights Police Officer" is moot. In his Complaint, Plaintiff alleged that Chicago Heights police officer Martinez and an unknown Chicago Heights police officer violated Plaintiff's constitutional rights. <u>See</u> Complaint ¶¶ 5-6. Plaintiff has since learned the identity of this unknown Chicago Heights police officer. As such, Plaintiff respectfully requests this Court's permission to file his Amended Complaint, attached hereto as Exhibit A.

### IV.     PLAINTIFF HAS PROPERLY PLED WILLFUL AND WANTON CONDUCT

Despite Defendants' contention that Plaintiff has not pled sufficient detailed facts to support his claims, Plaintiff has properly pled that Defendants' actions were willful and wanton in a manner sufficient to overcome the Illinois Tort Immunity Act. Put simply, Defendants are taking too narrow a view at the complaint and the Supreme Court's decision in <u>Bell Atlantic</u>.

As noted above, the Supreme Court's decision in <u>Bell Atlantic</u> does not abolish the federal notice pleading regime. <u>Airborne Beepers</u>, 499 F.3d at 667-68, citing <u>Erickson</u>, 127 S.Ct. at 2197. It remains well-settled that, "[t]he Federal Rules of Civil Procedures do not require a claimant to set out in detail

the facts upon which he bases his claim" for willful and wanton conduct. <u>Cooper v. Office of the Sheriff of Will County</u>, 333 F.Supp.2d 728, 735 (N.D. Ill. 2004) (quoting <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993)). Instead, the rules simply require a "short and plain statement of the claim" that gives Defendants fair notice of Plaintiff's claims and the grounds on which they rest. Fed.R.Civ.P. 8(a); <u>Erickson</u>, 127 S.Ct. at 2200. Once Defendants are put on notice of the willful and wanton claims, the issue is not to be decided on a motion to dismiss because it is an issue of fact to be resolved after an opportunity to conduct discovery. <u>Cooper</u>, 333 F.Supp.2d at 735.

Since Plaintiff's complaint provides sufficient factual allegations, the complaint satisfies the minimum requirements of notice pleading. Plaintiff has clearly put Defendants on notice of the basis of his claims that their conduct was willful and wanton. Plaintiff pled in his complaint that the Defendant Officers subjected him to an unreasonable search and seizure without cause or legal justification. <u>See</u> Complaint ¶ 5. Plaintiff also pled that during the course of the illegal search, the Defendant Officers slammed him to the ground without justification. <u>Id.</u> Finally, Plaintiff pled that the Defendant Officers punched him in his face during the illegal search. <u>Id.</u> Given these allegations that law enforcement officers committed

violent felonies under color of law, the Complaint has more than enough facts to support Plaintiff's claims that the Defendant Officers' conduct was willful and wanton, and, thus, the motion to dismiss must be denied.  Finally, since Plaintiff's substantive state law claims are viable, so too are their claims for *respondeat superior* and indemnification.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.  Further, Plaintiff, TODD AUSTIN, respectfully requests that this Court grant him leave to file his Amended Complaint, attached hereto as Exhibit A.

                                  RESPECTFULLY SUBMITTED,

                                  /s/ Matthew Jenkins
                                  Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mike Kanovitz
Matthew Jenkins
LOEVY & LOEVY
312 N. May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

5