```
          IN THE UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TODD AUSTIN,                          )
                                      )
          Plaintiff,                  )
                                      )    08 C 4
     v.                               )
                                      )    Judge Holderman
CITY OF CHICAGO HEIGHTS,              )
Chicago Heights Police Officer        )    Magistrate Judge Cox
Martinez, Star # 136, and Chicago     )
Heights Police Officer FRED           )
SERRATO                               )
                                      )    JURY TRIAL DEMANDED
          Defendants.                 )
```

**AMENDED COMPLAINT**

PLAINTIFF TODD AUSTIN, by and through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and Chicago Heights Police Officer FRED SERRATO, and states as follows:

**Introduction**

1.   This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2.   This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3.   Venue is proper as Plaintiff resides in this judicial district and Defendant City of Chicago Heights is a municipal corporation located here.  Further, the events giving rise to the claims all occurred within this district.

**Parties**

4.  Plaintiff, Todd Austin, was at all relevant times a citizen of the United States and Chicago, Cook County, Illinois.

5.  Defendants, Officer Martinez and Officer Serrato, were police officers employed by the City of Chicago Heights.

6.  Defendant City of Chicago Heights is an Illinois Municipal Corporation, and was and is the employer of Defendants Martinez and Serrato.  The City of Chicago Heights is responsible for the acts of Defendants Martinez and Serrato while employed by the City of Chicago Heights and while acting within the scope of their employment.  Defendant City of Chicago Heights is also liable as an independent tortfeasor pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978), for the constitutional violations of Defendants Martinez and Serrato, unknown Chicago Heights police officers, or any other agent of the City of Chicago Heights.

**Background**

7.  Plaintiff Todd Austin, 46-years-old, is a resident of Chicago Heights, Illinois.

8.  On or about the evening of September 16, 2007, Officer Martinez and Officer Serrato (collectively "Defendant Officers") subjected Mr. Austin to an unreasonable search and seizure without cause or lawful justification.  Among other

things, the Defendant Officers slammed Mr. Austin to the pavement and punched him in the jaw.

9. As a result of Defendant Officers' conduct, Mr. Austin suffered severe injuries, including but not limited to physical and emotional pain and suffering. More specifically, Mr. Austin suffered a broken jaw as a result of the Defendant Officers' abuse. This injury, and the subsequent complications resulting from it, have severely affected Mr. Austin's day-to-day life, including his ability to work, communicate, eat, and sleep.

## Count I -- 42 U.S.C. § 1983
### Illegal Search and Seizure

10. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

11. As described more fully above, Plaintiff's vehicle and person were searched by the Defendant Officers in a manner which violated the Fourth Amendment.

12. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

13. The policy and practice of the City of Chicago Heights, acting by and through its agents, were the moving force behind these constitutional violations in that:

   a. As a matter of both policy and practice, the Chicago Heights Police Department, acting by and through its agents, directly encourages, and is thereby the moving force

behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

  b. As a matter of both policy and practice, the Chicago Heights Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

  c. Specifically, Chicago Heights Police Officers accused of misconduct can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in misconduct;

  d. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in

the Chicago Heights Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f.   The City of Chicago Heights, by and through its agents, has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

    14.   As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, including but not limited to as emotional distress.

    15.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count II -- 42 U.S.C. § 1983
### Excessive Force

    16.   Each of the foregoing Paragraphs is incorporated as if restated fully herein.

    17.   As described in the preceding paragraphs, the conduct of the Defendant Officers toward Mr. Austin constituted excessive force in violation of the United States Constitution.

    18.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiff's constitutional rights.

19. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Heights in the manner described in preceding paragraphs.

20. As a result of the unjustified and excessive use of force by the Defendant Officers, Mr. Austin sustained injuries, including but not limited to physical harm and emotional distress.

21. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count III -- 42 U.S.C. § 1983
### Failure to Intervene

22. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

23. The Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

24. As a result of the Defendant Officers' failures to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

25. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

26. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Heights in the manner described more fully above.

27. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions.

### Count IV -- State Law Claim
### Assault and Battery

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29. As described in the preceding paragraphs, the conduct of the Defendant Officers constituted unjustified and offensive physical contact and/or apprehension of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to Plaintiff.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of another.

31. As a result of the offensive contact and/or apprehension of bodily harm, Plaintiff sustained injuries, including, but not limited to physical harm and emotional distress.

32. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions.

### Count V -- State Law Claim
### Respondeat Superior

33. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Heights Police Department acting at all relevant times within the scope of their employment.

35. Defendant City of Chicago Heights is liable as principal for all torts committed by its agents.

### Count VI -- State Law Claim
### Indemnification

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

38. The Defendant Officers are or were employees of the Chicago Heights Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, TODD AUSTIN, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and Chicago Heights Police Officer SERRATO, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, TODD AUSTIN, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/s/ Matthew Jenkins
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Amanda Antholt
Matthew Jenkins
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Matthew Jenkins, an attorney, certify that on March 7, 2008, I served this document by ECF electronic filing to counsel for all parties.

/s/ Matthew Jenkins