IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TODD AUSTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 04 |
| ) | |
| CITY OF CHICAGO HEIGHTS, ) | Judge Holderman |
| Chicago Heights Police Officer Martinez, ) | |
| Star # 136, and Chicago Heights Police ) | Magistrate Judge Cox |
| Officer FRED SERRATO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendants CITY OF CHICAGO HEIGHTS, CHICAGO HEIGHTS POLICE OFFICER MARTINEZ, Star #136, and CHICAGO HEIGHTS POLICE OFFICER FRED SERRATO, by and through their attorneys GARDINER KOCH & WEISBERG, move this honorable Court to dismiss portions of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), and strike portions of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). In support of their motion, Defendants state as follows:

**I. Background**

Plaintiff has brought six counts in his Amended Complaint. Counts I – III are federal claims alleging violations of the Fourth Amendment, as well as of 42 U.S.C. § 1983, for illegal search and seizure (Count I), excessive force (Count II), and failure to intervene (Count III). Counts IV – VI are state law claims alleging assault and battery (Count IV), respondeat superior liability (Count V), and indemnification liability by the City of Chicago Heights (Count VI).

**II. Legal Standards**

Until recently, the law provided that a motion to dismiss could not be granted under Fed. R. Civ. P. 12(b)(6) unless "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *see also White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002). In analyzing a motion to dismiss under this rule, the court was required to accept as true all material allegations in the plaintiff's complaint, and construe them in the light most favorable to the plaintiff. *See*, *e.g.*, *White*, 310 F.3d at 992. The Supreme Court, however, recently revisited the questions *Conley* appeared to have settled, and concluded that Conley "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corporation v. Twombly*, 550 U.S. ---, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). *Conley*, the Court explained, does not address "the minimum standard of adequate pleading," but rather "the breadth of opportunity to prove what an adequate complaint claims." *Id*. at 1969.

For post-*Twombly* plaintiffs, then, this means that they must not only adequately state their claim, but also must plead "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Id*. at 1974. Their "[f]actual allegations must be enough to raise a right to relief above the speculative level," even "on the assumption that all of the complaint's allegations are true." *Id*. at 1959. Furthermore, an adequately-pled complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct.

2

2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

**III. Argument**

    **A.    Count IV should be dismissed for failure to state a valid claim upon which relief can be granted.**

In Count IV, Plaintiff seeks recovery from all Defendants for conduct which he alleges constituted assault and battery by Officer Martinez and Officer Serrato (collectively, "the Defendant Officers"). The Illinois Tort Immunity Act provides that local public entities are not liable for the acts or omissions of their employees which result in injury unless the employee is liable. 745 ILCS 10/2-109 (2008). Their employees, in turn, are not liable for injuries caused by their acts or omissions unless their conduct was willful or wanton. 745 ILCS 10/2-202 (2008). Plaintiff alleges in Count IV that the conduct undertaken by the Defendant Officers was willful and wanton, and thus, presumably, outside the scope of the Illinois Tort Immunity Act.

As explained above, however, the post-*Twombly* pleading standards require Plaintiff to do more than provide a formulaic recitation of the elements of his cause of action. 127 S. Ct. at 1964-65. Furthermore, the Court is not required to accept as true a legal conclusion couched as a factual allegation. *See Papasan*, 478 U.S. at 286. Plaintiff's legal conclusion that the Defendant Officers' conduct was willful and wanton is not enough to adequately plead Count IV of his Amended Complaint. Accordingly, Count IV of Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

    **B.    If Count IV is permitted to stand, Count V is duplicative and should be stricken.**

In Count V, Plaintiff seeks recovery under state law from the City of Chicago Heights for the intentional torts he alleges the Defendants Officers committed against him. He bases his

claim on the principle of *respondeat superior*, by which an employer is liable for the torts of its employees committed in the scope of their employment and in furtherance of their employer's business. *See, e.g., Bremen State Bank v. Hartford Accident and Indemnity Co.*, 427 F.2d 425, 428 (7th Cir. 1970).

The principle of respondeat superior requires an underlying tort claim in order for liability to attach. *See, e.g.*, *id*. If the Court dismisses Count IV of Plaintiff's Amended Complaint, Plaintiff's Count V state claim against Defendant City of Chicago Heights, in which he seeks respondeat superior liability for the assault and battery alleged in Count IV, will lack an underlying tort claim. Therefore, if Count IV is dismissed, then Count V should likewise should be dismissed for failure to state a claim upon which relief can be granted.

Even if Count IV is permitted to stand, however, Count V must be addressed. To the extent that Plaintiff seeks recovery from the City of Chicago Heights for the assault and battery alleged in his Count IV state claim, Count V should be stricken pursuant to Fed. R. Civ. P. 12(f) because it is duplicative. Fed. R. Civ. P. 12(f) permits the Court, upon motion, to strike from any pleading matters which are "redundant, immaterial, impertinent, or scandalous." While Rule 12(f) motions to strike are generally disfavored in this Court, they are appropriate where "counts are truly redundant, predicated upon the same operative facts and theories of recovery, [and] retaining them creates the possibility of confusion on the part of the court, counsel, and potentially, the jury." *Fields v. Feldmann Eng'g & Mfg. Co.*, No. 92 C 1952, 1994 U.S. Dist. LEXIS 11396, at *10-11 (Aug. 11, 1994); *compare Union Carbide Corp. v. F.S.C. Paper Corp.*, 1983 U.S. Dist. LEXIS 11794, at *1 (Nov. 10, 1983) (holding that the Federal Rules do not support splitting a claim into separate counts and counts which merely restate the same claims arising out of the same factual occurrence should be stricken), *with Hoffman v. Sumner*, 478 F.

Supp. 2d 1024, 1029 (N.D. Ill. 2007) (declining to strike the defendant's counterclaim because it went beyond the scope of the plaintiff's original claim and was not merely a restatement of the facts and elements of that claim).

If the legal theory by which Plaintiff seeks to impose respondeat superior liability upon the City of Chicago Heights seems familiar, perhaps it is because Plaintiff has exercised it in Count IV of his Amended Complaint, which alleges that "[t]he misconduct . . . was undertaken by the Defendants . . . within the scope of their employment . . . such that their employer, City of Chicago Heights, is liable for their actions." Plaintiff's Amended Complaint, ¶ 32. Plaintiff has not alleged in Count V any facts which are not also present in Count IV, and there are no elements of his Count V claim which are not also necessary for the proof of his Count IV claim. He seeks no recovery in this Count which he is not also seeking in Count IV. Accordingly, Defendants respectfully request that the Court strike Count V of Plaintiff's Amended Complaint.

### C.    Plaintiff has failed to state a valid claim upon which relief can be given in Count VI.

Count VI of Plaintiff's Amended Complaint seeks indemnification by Defendant City of Chicago Heights for the alleged torts of the Defendant Officers. Plaintiff is correct insofar as he argues that Illinois law requires public entities to pay tort judgments for which their employees are liable within the scope of their employment. *See, e.g.*, 745 ILCS 10/2-302 (2008) (mandating that public entities either defend such claims, indemnify the employee for the costs of defending such claims, or indemnify the employee for the cost of judgment or settlement of such claims).

Indemnification, however, is not a valid claim or form of relief for plaintiffs; it is an affirmative defense or cross-claim available to defendants. *See, e.g.*, *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1492 (7th Cir. 1988) (explaining that "[t]he indemnity statute only

5

comes into play if the police officer . . . seeks indemnity from a municipality after liability has been imposed on the officer" (citing *Arnolt v. Highland Park*, 52 Ill.2d 27, 33-34, 282 N.E.2d 144, 148 (1972))); *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998).  Moreover, even for the proper parties to the indemnification action, the dispute is not yet ripe; the Tort Immunity Act applies to tort *judgments*, which are final (and not prospective) adjudications.  "[Defendant's] [c]laims for indemnity are separate and apart from tort claims and are not consolidated with the tort claim unless there is another contested issue such as the duty of the indemnitor to defend." *Kerr v. City of Chicago*, 424 F.2d 1134, 1141-42 (7th Cir. 1970); *see also Argento,* 838 F.2d at 1492; *Maryland Ins. Co. v. Attorneys' Liability Assurance Soc., Ltd.*, 748 F. Supp. 627 (7th Cir. 1990) (explaining that a dispute over the duty of an indemnitor to *pay*, unlike a dispute over the duty to *defend*, does not ripen until settlement or judgment of the claim).

Plaintiff has failed, in Count VI, to state a cause of action upon which relief can be granted to him.  Accordingly, Count VI should be dismissed.

**IV. Conclusion**

For the foregoing reasons, Defendants respectfully request this Court to dismiss Count IV, to strike or dismiss Count V, and to dismiss Count VI of Plaintiff's Amended Complaint in its entirety.

        Respectfully submitted,

        CITY OF CHICAGO HEIGHTS,
        CHICAGO HEIGHTS POLICE OFFICER
        MARTINEZ, Star #136, and
        CHICAGO HEIGHTS POLICE OFFICER
        FRED SERRATO


        By:  /s/ Thomas Gardiner
             One of Their Attorneys


Thomas G. Gardiner
Gardiner Koch & Weisberg
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604
312-362-0000
Atty. No. 29637