IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS, EASTERN DIVISION

| | | |
|---|---|---|
| TODD AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 04 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| CITY OF CHICAGO HEIGHTS, | ) | Magistrate Judge Cox |
| Chicago Heights Police Officer | ) | |
| MARTINEZ, Star #136, and Chicago | ) | |
| Heights Police Officer FRED SERRATO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the DEFENDANTS, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and Chicago Heights Police Officer FRED SERRATO, by and through their attorneys, GARDINER KOCH & WEISBERG, and in answering Plaintiff's Amended Complaint state as follows:

### INTRODUCTION

1. **This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.**

    **ANSWER:** Defendants admit the action is brought pursuant to 42 U.S.C Section 1983 but deny the remaining allegations contained in Paragraph 1.

### JURISDICTION AND VENUE

2. **This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.**

    **ANSWER:** Defendants admit the allegations contained in Paragraph 2.

3. **Venue is proper as Plaintiff resides in this judicial district and Defendant City of Chicago Heights is a municipal corporation located here. Further, the events giving rise to the claims all occurred within this district.**

      **ANSWER:** Defendants admit that the City of Chicago Heights is a municipal corporation located in this judicial district, lack sufficient information to form a belief as to Plaintiff's residence, and deny the remaining allegations contained in Paragraph 3.

## PARTIES

4. **Plaintiff, Todd Austin, was at all relevant times a citizen of the United States and Chicago, Cook County, Illinois.**

   **ANSWER:** Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 4.

5. **Defendants, Officer Martinez and Officer Serrato, were police officers employed by the City of Chicago Heights.**

   **ANSWER:** Defendants admit the allegations contained in paragraph 5.

6. **Defendant City of Chicago Heights is an Illinois Municipal Corporation, and was and is the employer of Defendants Martinez and Serrato. The City of Chicago Heights is responsible for the acts of Defendants Martinez and Serrato while employed by the City of Chicago Heights and while acting within the scope of their employment. Defendant City of Chicago Heights is also liable as an independent tortfeasor pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978), for the constitutional violations of Defendants Martinez and Serrato, unknown Chicago Heights police officers, or any other agent of the City of Chicago Heights.**

   **ANSWER:** Defendants admit that Defendant City of Chicago Heights is an Illinois Municipal Corporation and that it was, at the relevant times, the employer of Defendants Martinez and Serrato. Defendant City states that the allegations in Paragraph 6 as to what it is "responsible for" consist of a conclusion of law so vague that the City lacks knowledge or information sufficient to form a belief as to the truth of those allegations, other than to refer to the authority given to the Chicago Heights Police Department in Chapter 35 of the Chicago Heights City Code. To the extent that "responsible for" as alleged in this paragraph means "may be held in accountable in damages for," the acts of Defendants Martinez or Serrato or

>its own actions, Defendant City admits that under certain circumstances, a municipality may be held liable in damages for acts of its employees while employed by the City and while acting within the scope of their employment, or for damages directly caused by its policies, practices, and customs pursuant to Monell, 439 U.S. 658, and its progeny. Defendant City denies any liability as an independent tortfeasor to Plaintiff arising from its policies, practices, or customs. Defendant City adopts its responses to Counts V and VI to the extent its alleged liability is based upon the acts of its employees.

7. **Plaintiff Todd Austin, 46 years old, is a resident of Chicago Heights, Illinois.**

   ANSWER:   Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 7.

8. **On or about the evening of September 16, 2007, Officer Martinez and Officer Serrato (collectively, "Defendant Officers") subjected Mr. Austin to an unreasonable search and seizure without cause or lawful justification. Among other things, the Defendant Officers slammed Mr. Austin to the pavement and punched him in the jaw.**

   ANSWER:   Defendants deny the allegations contained in Paragraph 8.

9. **As a result of Defendant Officers' conduct, Mr. Austin suffered severe injuries, including but not limited to physical and emotional pain and suffering. More specifically, Mr. Austin suffered a broken jaw as a result of the Defendant Officers' abuse. This injury, and the subsequent complications resulting from it, have severely affected Mr. Austin's day-to-day life, including his ability to work, communicate, eat, and sleep.**

   ANSWER:   Defendants deny the allegations contained in Paragraph 9.

## COUNT I – 42 U.S.C. § 1983
## ILLEGAL SEARCH AND SEIZURE

10. **Each of the foregoing Paragraphs is incorporated as if restated fully herein.**

    ANSWER:   Defendants re-incorporate their answers to the allegations of Paragraph 10.

11. **As described more fully above, Plaintiff's vehicle and person were searched by the Defendant Officers in a manner which violated the Fourth Amendment.**

   ANSWER:   Defendants deny the allegations contained in Paragraph 11.

12. **The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.**

   ANSWER:   Defendants deny the allegations contained in Paragraph 12.

13. **The policy and practice of the City of Chicago Heights, acting by and through its agents, were the moving force behind these constitutional violations in that:**

   a. **As a matter of both policy and practice, the Chicago Heights Police Department, acting by and through its agents, directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;**

   b. **As a matter of both policy and practice, the Chicago Heights Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;**

   c. **Specifically, Chicago Heights Police Officers accused of misconduct can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in misconduct;**

   d. **Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Police Department makes findings of wrongdoing in a disproportionately small number of cases;**

   e. **Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Heights Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and**

   f. **The City of Chicago Heights has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.**

   ANSWER:   Defendants the allegations contained in Paragraph 13.

14. **As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, including but not limited to emotional distress.**

    ANSWER:   Defendants deny the allegations contained in Paragraph 14.

15. **The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.**

    ANSWER:   Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 15.

### COUNT II – 42 U.S.C. § 1983
### EXCESSIVE FORCE

16. **Each of the foregoing Paragraphs is incorporated as if restated fully herein.**

    ANSWER:   Defendants re-incorporate their answers to the allegations of each paragraph of Plaintiff's Complaint respectively as its answers to Paragraph 16.

17. **As described in the preceding paragraphs, the conduct of the Defendant Officers toward Mr. Austin constituted excessive force in violation of the United States Constitution.**

    ANSWER:   Defendants deny the allegations contained in Paragraph 17.

18. **The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.**

    ANSWER:   Defendants deny the allegations contained in Paragraph 18.

19. **The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described in preceding paragraphs.**

    ANSWER:   Defendants deny the allegations contained in Paragraph 19.

20. **As a result of the unjustified and excessive use of force by the Defendant Officers, Mr. Austin sustained injuries, including but not limited to physical harm and emotional distress.**

    ANSWER:   Defendants deny the allegations contained in Paragraph 20.

21. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

    ANSWER: Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 21.

### COUNT III – 42 U.S.C. § 1983
### FAILURE TO INTERVENE

22. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

    ANSWER: Defendants re-incorporate their answers to the allegations of each paragraph of Plaintiff's Complaint respectively as its answers to Paragraph 22.

23. The Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he been so inclined, but failed to do so.

    ANSWER: Defendants deny that there were constitutional violations and therefore deny the allegations contained in Count III, Paragraph 23.

24. As a result of the Defendant Officers' failures to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

    ANSWER: Defendants deny the allegations contained in Paragraph 24.

25. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

    ANSWER: Defendants deny the allegations contained in Paragraph 25.

26. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully above.

    ANSWER: Defendants deny the allegations contained in Paragraph 26.

27. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions.

**ANSWER:** Defendants deny that they engaged in misconduct and therefore deny the allegations contained in Paragraph 27.

### COUNT IV – STATE LAW CLAIM
### ASSAULT AND BATTERY

This Count is currently subject to Defendants' Motion to Dismiss.

### COUNT V – STATE LAW CLAIM
### RESPONDEAT SUPERIOR

This Count is currently subject to Defendants' Motion to Dismiss.

### COUNT VI – STATE LAW CLAIM
### INDEMNIFICATION

This Count is currently subject to Defendants' Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court award Judgment in its favor, together with all costs and allowable attorney fees, as well as such additional relief as determined by the Court.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Without prejudice to, or waiver of their denials in any and all of the statements made in this Answer to Plaintiff's Amended Complaint, DEFENDANTS CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, AND UNKNOWN CHICAGO HEIGHTS POLICE OFFICER, by and through their attorneys, Gardiner Koch & Weisberg, state the following as their Affirmative Defenses to Counts I, II, III, and IV of Plaintiff's Amended Complaint.

1. Under the laws and court interpretations of said laws in effect at the time of the occurrences alleged in Plaintiff's Complaint, Defendants Officer Martinez and Serrato, acting reasonably and in good faith under the existing circumstances, did not know, nor should they have known, that their conduct would be considered a violation of Plaintiff's constitutional rights, and are thus entitled to qualified immunity from the claims made by Plaintiff for alleged violations of his constitutional rights.

2. Defendant City of Chicago Heights is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (1994).

3. To the extent any employee or agent of Defendant City of Chicago Heights was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-201.

4. Under the Tort Immunity Act, Defendant City of Chicago Heights is not liable because the individual defendants exercised discretion on a non-ministerial matter and are not liable for any resulting injuries.

5. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that the plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6. Plaintiff fails to state a claim against Defendants upon which relief can be granted.

## JURY DEMAND

Defendants, CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and Chicago Heights Police Officer FRED SERRATO, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

**CITY OF CHICAGO HEIGHTS,**
**Chicago Heights Police Officer MARTINEZ,**
**Star # 136, and Chicago Heights Police Officer**
**FRED SERRATO**

By: \_/s/ Thomas Gardiner_____
       One of their attorneys

Thomas G. Gardiner
Gardiner Koch & Weisberg
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604
312-362-0000
312-362-0440 fax
Atty. No. 29637