IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TODD AUSTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 04 |
| ) | |
| CITY OF CHICAGO HEIGHTS, ) | Judge Holderman |
| Chicago Heights Police Officer ) | |
| MARTINEZ, Star # 136, and Chicago ) | Magistrate Judge Cox |
| Heights Police Officer FRED SERRATO, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants CITY OF CHICAGO HEIGHTS, Chicago Heights Police Officer MARTINEZ, Star #136, and Chicago Heights Police Officer FRED SERRATO, by and through their attorneys GARDINER KOCH & WEISBERG, reply to Plaintiff's Response to Defendants' Motion to Dismiss. In support thereof, Defendants state as follows:

**I.    Count V is duplicative and therefore should be stricken.**

Count IV of Plaintiff's Amended Complaint alleges that Defendant Officers Martinez and Serrato assaulted and/or battered Plaintiff "within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions." ¶ 32. Here, Plaintiff attempts to establish respondeat superior liability on the part of Defendant City of Chicago Heights. He alleges that the City of Chicago Heights, as the employer (and thus, principal) of the Defendant Officers (its agents), is liable for misconduct undertaken by the Defendant Officers within the scope of their employment. This is the very definition of respondeat superior liability.

In Count V, Plaintiff alleges that the Defendant Officers were agents of the City of Chicago Heights, acting within the scope of their employment at all relevant times. He further alleges that as principal, the City of Chicago Heights is liable for misconduct committed by its agents within the scope of their employment. Neither the theory of liability nor the tort alleged vary in any respect from those alleged in Count IV. In his Response to Defendants' Motion to Dismiss his Amended Complaint, Plaintiff entirely fails to address the duplicative nature of this count; he makes no attempt to differentiate it from Count IV under either a factual basis or a legal basis.

Fed. R. Civ. P. 12(f) permits the Court, upon motion, to strike from any pleading matters which are "redundant, immaterial, impertinent, or scandalous." Rule 12(f) motions to strike are appropriate where "counts are truly redundant, predicated upon the same operative facts and theories of recovery, [and] retaining them creates the possibility of confusion on the part of the court, counsel, and potentially, the jury." *Fields v. Feldmann Eng'g & Mfg. Co.*, No. 92 C 1952, 1994 U.S. Dist. LEXIS 11396, at *10-11 (Aug. 11, 1994). Permitting Count V to stand would open the City of Chicago Heights up to potential double liability on the same operative facts and same legal theory. Accordingly, Defendants respectfully request that this Court strike Count V.

**II.     Count VI should be dismissed for failure to state a valid cause of action.**

Just as Plaintiff ignores the legal barriers to his Count V respondeat superior claim, he likewise fails to address the fatal flaw of his Count VI claim for indemnification in his Response. A plaintiff in a state action against a municipal employee is not a party in interest to a resulting indemnification suit. Indemnification under the Illinois Local Governmental and Governmental Employees Act (the "Tort Immunity Act") is an affirmative defense or cross-claim available to

2

governmental employee defendants sued in the course of their employment. *See, e.g., Argento v. Village of Melrose Park*, 838 F.2d 1483, 1492 (7th Cir. 1988).

Moreover, indemnification actions under the Tort Immunity Act arise only after there has been a judgment of liability. *Id.* (explaining that "[t]he indemnity statute only comes into play if the police officer, or an assignee of the officer, seeks indemnity from a municipality after liability has been imposed on the officer" (citing *Arnolt v. Highland Park*, 52 Ill.2d 27, 33-34, 282 N.E.2d 144, 148 (1972))); *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998). *If* Plaintiff is ultimately successful at trial, and *if* he is unable to collect his judgment award, *then* he may seek to have the Defendant Officers' indemnification claim assigned to him and attempt to collect from Defendant City of Chicago Heights. Until such time, he has no valid cause of action against the City of Chicago Heights for any obligation the City has to indemnify its employees. Fed. R. Civ. Pro 12(b)(6) requires this Court to dismiss any claim which fails to state a valid cause of action, and thus Defendants respectfully request that this Court dismiss Count VI.

Respectfully Submitted,

CITY OF CHICAGO HEIGHTS,
Chicago Heights Police Officer
MARTINEZ, Star #136, and
Chicago Heights Police Officer
FRED SERRATO

By: _____
One of Their Attorneys

Thomas G. Gardiner
Gardiner Koch & Weisberg
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604
312-362-0000
Atty. No. 29637