# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0004 | **DATE** | 6/16/2008 |
| **CASE TITLE** | Austin vs. City of Chicago Heights, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss Plaintiff's Amended Complaint [32] is granted with respect to Count V and denied with respect to Counts IV and VI. Defendants are given until 6/30/08 to answer Counts IV and VI of the First Amended Complaint. Counsel are to meet pursuant to Rule 26 (f) and to file a revised Form 35, if desired, on or before 7/8/08. Status hearing is set for 7/10/08 at 9:00 a.m. for purposes of setting further dates in this case. The parties are encouraged to discuss settlement.

■[ For further details see text below.]                                                     Notices mailed.

## STATEMENT

Todd Austin ("Austin") brings this action under 42 U.S.C. §1983 and state common law under supplemental jurisdiction. He alleges that his Constitutional rights were violated through illegal search and seizure (Count I), excessive force (Count II), and failure to intervene (Count III), and his state law claims assert assault and battery (Count IV), respondeat superior (Count V), and indemnification (Count VI). Defendants City of Chicago Heights ("City"), Chicago Heights Police Officer Martinez, Star #136 ("Officer Martinez") and Chicago Heights Police Officer Fred Serrato ("Officer Serrato") (collectively "Defendants") have answered Counts I, II, and III which are the federal question claims, and have filed a Motion to Dismiss the state law claims, Counts IV, V, and VI, of Plaintiff's First Amended Complaint. (Dkt. No. 32) For the following reasons, Defendants' Motion to Dismiss is granted as to Count V and denied as to Counts IV and VI.

### Background

In conducting its analysis the court presumes, as it must at this stage of the litigation, that all well-pleaded allegations in the First Amended Complaint are true. *See Erikson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly,*___U.S.___, 127 S. Ct. 1955, 1969 (2007)). In his First Amended Complaint Austin alleges that, on or about the evening of September 16, 2007, Officer Martinez and Officer Serrato stopped Austin while he was driving his car. At some point during the course of the stop, Officers Martinez and Serrato allegedly "slammed Mr. Austin to the pavement and punched him in the jaw". (Dkt. No. 28 at ¶ 8.) As a result, Austin alleges that he suffered a broken jaw as well as emotional pain and suffering.

### Legal Standard

Under the Federal Rules of Civil Procedure, a complaint generally need only be "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words,

**STATEMENT**

the complaint must "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Twombly,* 127 S. Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). So long as the factual allegations in the complaint "raise relief above the speculative level," the complaint will withstand a 12(b)(6) challenge. *Twombly*, 127 S. Ct. at 1969; *see Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). On the other hand, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965 (citations omitted).

### Count IV – Assault and Battery

In Count IV of his First Amended Complaint, Austin alleges a state law claim for assault and battery. After incorporating the general background facts set forth in his First Amended Complaint, Austin alleges "the conduct of the Officers constituted unjustified and offensive physical contact and/or apprehension of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to plaintiff." (Dkt. No. 28 at ¶ 29.)

Relying on *Twombly*, Defendants claim that Austin is required "to provide more than a formulaic recitation of the elements of his cause of action." (Dkt. No. 32 at 3.) The defendants also argue that the court is not required to accept as true a legal conclusion couched as a factual allegation. (Dkt. No. 32 at 3.) Defendants contend that Austin has not adequately plead willful and wanton conduct and therefore Count IV of Austin's First Amended Complaint should be dismissed because the willful and wanton exemption of the Illinois Tort Immunity Act does not apply. *See* 745 ILCS 10/2-202 (2008).

The court finds that Austin has plead more than mere legal conclusions in relation to his assault and battery claim. Austin's First Amended Complaint specifically alleges that, "[A]mong other things, the Defendant Officers slammed Mr. Austin to the pavement and punched him in the jaw." (Dkt. No. 28 at ¶ 8.) Austin also states that as a result of the Defendant Officers' conduct he suffered severe injuries including a broken jaw and emotional pain and suffering. (Dkt. No. 28 at ¶ 9.) These are allegations of intentional acts by the Defendant Officers. By including these alleged facts in his First Amended Complaint, Austin has put the Defendants on proper notice of the factual basis for his assault and battery claim. These facts surpass a formulaic recitation of the elements of assault and battery and give specific insight into the events Austin is claiming constitute the assault and battery. Because Austin has adequately pleaded his assault and battery claim, Defendants' motion to dismiss Count IV of Austin's First Amended Complaint is denied.

### Count V – Respondeat Superior

In Count V of Austin's First Amended Complaint, Austin asserts a claim for respondeat superior under state law. Defendants argue that if Count IV is permitted to stand, Count V is duplicative and should be stricken. (Dkt. No. 32 at 3.) Defendants argue rule 12(f) motions to strike are appropriate where "counts are truly redundant, predicated on the same operative facts and theories of recovery, [and] retaining them creates the possibility of confusion on the part of the court, counsel, and potentially, the jury." *Fields v. Feldmann Eng'g & Mfg. Co.,* No. 92 C 1952, 1994 U.S. Dist. LEXIS 11396, at *10-11 (N.D. Ill. Aug. 11, 1994). Defendants argue that Austin "has not alleged in Count V any facts which are not also present in Count IV, and there are no elements of his Count V claim which are not also necessary for the proof of his Count IV claim. He seeks no recovery in [Count V] which he is not also seeking in Count IV." (Dkt. No. 32 at 5.)

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from the pleading any "redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion by a party. Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are generally disfavored because in many cases they serve to delay; however, in certain cases they remove unnecessary items from the case and serve to expedite the litigation. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

This court holds Count V to be redundant of Count IV. Austin already seeks to establish liability against the City through his contentions at the end of Count IV. The last sentence of Count IV states, "The

**STATEMENT**

misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago Heights, is liable for their actions." (Dkt. No. 28 at ¶ 32.) In Count V Austin does not seek to establish any facts or theories of recovery that have not previously been alleged in Count IV. Austin gives no basis for why the Count is not redundant, except to say that "since [Austin's] substantive state law claims are viable, so too are [his] claims for respondeat superior and indemnification." (Dkt. No. 36 at ¶ 3.) The court grants Defendants' motion and strikes Count V of Austin's First Amended Complaint as redundant of Count IV.

### Count VI – Indemnification

Finally, in Count VI of his First Amended Complaint, Austin asserts a claim for indemnification under state law. Relying on *Argento v. Village of Melrose Park,* 838 F.2d 1483, 1492 (7th Cir. 1988), Defendants argue that indemnification "is not a valid claim or form of relief for plaintiffs; it is an affirmative defense or cross-claim available to defendants." (Dkt. No. 32 at 5.) The defendants also argue that Austin's claim is not yet ripe because "the Tort Immunity Act applies to tort *judgments*, which are final (and not prospective) adjudications." (Dkt. No. 32 at 6.)

Although *Argento* did address a municipality's liability under the Illinois Tort Immunity Act, the question was one of ultimate liability as opposed to timing. In *Wilson v. City of Chicago*, the Seventh Circuit recognized that under the Illinois Tort Immunity Act a plaintiff may ask for a judgment against a municipality before a judgment has been entered against its employee. *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997). The court reasoned in *Wilson* that there could be no benefit derived from requiring a plaintiff to initiate a separate proceeding against the municipality following the entry of judgment. *Id.* Post-*Wilson*, judges in this district have permitted §1983 plaintiffs to bring a claim directly against the municipality in an effort to obtain a judgment requiring the municipality to pay the amount due to the plaintiff from one of their officers. 745 ILCS 10/9-102; *see e.g, Medina v. City of Chi.*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000)(Kennely, J.); *Saffold v. City of Calumet Park*, 47 F. Supp. 2d 927, 931 (N.D. Ill. 1999)(Williams, J.).

Therefore, Austin has properly plead indemnity and this court rejects the Defendants' argument that the court must dismiss Count VI of Austin's complaint.

### Conclusion

For the previously mentioned reasons, Defendants' motion to dismiss is granted with respect to Count V and denied with respect to Counts IV and VI. The parties are encouraged to discuss settlement and follow the schedule set out above.