IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TODD AUSTIN ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 08 C 04 | |
| ) | | |
| CITY OF CHICAGO HEIGHTS, ) | Judge Holderman | |
| Chicago Heights Police Officer ) | | |
| MARTINEZ, Star # 136, and Chicago ) | Magistrate Judge Cox | |
| Heights Police Officer FRED SERRATO, ) | | |
| ) | | |
| Defendants. ) | | |

## PROTECTIVE ORDER

This matter having come before the court upon the Agreed Motion for a Protective Order, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2, this Protective Order (the "Protective Order") shall govern the handling of personnel records, disciplinary records, and other sensitive materials produced or otherwise provided by any party ("Party") or non-party ("Non-Party") in connection with the above-captioned lawsuit ("the Litigation"). Such information shall hereinafter be referred to as Discovery Material. Parties and Non-Parties are sometimes collectively referred to herein as "any Producing Party".

2. The Court finds that there is good cause for entering this protective order pursuant to Federal Rule of Civil Procedure Rule 26(c).

3. Subject to the provisions of Paragraphs 6(a)-(c) of this Protective Order and the categories of documents enumerated therein, any Producing Party or Recipient may designate any Discovery Material as "Confidential" under the terms of this Protective Order if, in the good faith judgment of such Producing Party or Recipient (or their counsel), such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information which requires protection under this Protective Order. Discovery Material designated as "Confidential" shall be referred to as "Confidential Material." Confidential Material does not include materials or testimony in the public record or obtainable from governmental entities by request and/or pursuant to the Freedom of Information Act, Open Records Act, Open Meetings Act or comparable public disclosure laws.

4. The designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by any Producing Party or Recipient:

    a. Documents or other tangible things:

        i. <u>Producing Party</u>. By affixing in clearly noticeable letters the designation "Confidential" on the face of each page or item produced or exchanged. Subject to Paragraph 7 of this Order, the failure to designate a document as "Confidential" does not necessarily constitute a waiver of such claim, and a Producing Party may designate a document as "Confidential" after such document has been produced, but before its contents have been disclosed in a manner inconsistent with this Protective Order, with the effect that such document is subject to the protections of this Protective Order.

        ii. <u>Recipient</u>. By notifying the producing Party within 7 days after actual receipt that all or part of specific documents contain Confidential Material.

       iii. <u>Materials Produced Prior to Order</u>.  Either the Producing Party or Recipient may, within 21 days from entry of this Order, designate those documents previously produced that they deem shall be covered by this order as confidential documents by advising the other party which documents (designated by Bates Nos. or otherwise) should be confidential documents, and if not previously marked, request that the opposing party so mark the documents.

  b. If a party objects to the designation of Confidential documents, the burden is upon the objecting party to file a motion with the court within 14 days of notice of the objection and discussion of parties final position, to challenge the Confidential designation.  The burden of proof on the appropriateness of the Confidential designation shall be on the party producing the document.

5. Confidential Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in party only to the following persons:

  a. Counsel of record in this litigation; lawyers, paralegals, investigators, and other staff assisting such counsel; duplicating services assisting counsel of record in document production; and court reporters transcribing depositions or court hearings;

  b. At the request of a party, the testifying or consulting experts shall receive a receive a copy of this Protective Order agree to be bound by its terms and provisions and shall first sign a copy of the form attached hereto as Exhibit "A"; and

  c. At the request of a party, Party and Non-Party witnesses or potential witnesses and their counsel who shall be provided with a copy of this Protective Order and shall be bound by the terms of this Protective Order and shall first sign a copy of the form attached hereto as Exhibit "A".

Counsel for each party shall maintain a list of the persons to whom Confidential material has been disclosed until the conclusion of the case. The lists and certificates may be disclosed to counsel for the adverse party if ordered by the Court based upon a showing of reasonable grounds to believe that the terms of this order have been violated.

6.
   a. No Party or Non-Party shall file any pleading or other document with the Court if such filing in any way contains Confidential Material so designated by any Producing Party or Recipient, unless either: (i) the Confidential Material is filed as restricted or a sealed document pursuant to Local Rule 5.8, or (ii) the party seeking to use such Confidential Material first obtains authorization from the Court to remove the "Protected" status of the Discovery Material.
   b. Confidential Material shall consist of the following categories of documents:
      i. City of Chicago Heights' "proprietary information". "Proprietary information" means that information not within the public domain nor accessible pursuant to any applicable freedom of information request or within an exception to any applicable freedom of information act request including but not limited to personnel records; relating to personnel decisions; involving the negotiation for contracts or purchases not otherwise within public bidding laws; or involving management decisions including acquisition and utilization of goods, services and/or personnel; internal budgetary documents;
      ii. Plaintiff's and Defendants' personal financial information including tax returns, amount of income, source of income, pension contributions or benefits, retirement benefits; unemployment records; social security records or benefits; and/or net worth;

      iii.    Plaintiff's, Defendants' or any witness' psychological, psychiatric, or counseling records, or medical records of any kind including those produced by the providers; and

      iv.    Personnel files of any present or former City of Chicago Heights employees.

  c.  If during the course of discovery either party believes that testimony or documents are confidential which do not fall within the above enumerated categories in paragraph 6(b), that party may designate the testimony or documents as Confidential and if the other party opposes the designation, the procedure outlined in paragraph 4 above should be followed.

7. Neither the designation of Discovery Material as "Confidential", nor the execution of or compliance with this Protective Order shall:

  a.  be admitted or used as an admission or evidence of an admission by Producing Party or Recipient that any particular Confidential Material does or does not contain or reflect trade secrets or any other type of confidential or proprietary information;

  b.  prejudice in any way the rights of any Producing Party or Recipient to object to the production of documents they consider not subject to discovery, or operate as an admission by any Producing Party or Recipient that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Producing Party or Recipient to be Confidential Material;

  c.  prejudice in any way the rights of any Producing Party or Recipient to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

  d.  prejudice in any way the rights of a Producing Party or Recipient to seek a determination by the Court whether any Confidential Material should be or remain subject to the terms of this Protective Order;

    e. prejudice in any way the rights of a Producing Party or Recipient to petition the Court for a further protective order relating to any other or additional purportedly protectable Discovery Material or to request that certain Confidential Material be made subject to further restrictions including but not limited to "attorneys' eyes only"; or

    f. prevent any Producing Party or Recipient from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

8. This Protective Order has no effect upon, and shall not apply to, the use by any Producing Party or Recipient of its own Confidential Material for any purpose.

9. This Protective Order shall apply to Discovery Material that was physically produced or exchanged in this Litigation before the Court's entry of the Protective Order.

10. The provisions of this Protective Order shall, absent written permission of the Producing Party or Recipient or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within 30 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, including all appeals, upon request, all persons having received Confidential Material shall make a good faith effort either to return such material and all copies thereof (including summaries and excerpts) to counsel for or the Producing Party that produced it or to destroy all such Confidential Material and certify that fact upon request. Outside counsel for the Producing Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party that produced the Confidential Material. All materials returned to the Producing Parties or their counsel by the Court likewise shall be disposed in accordance with this paragraph.

11. After the conclusion of this lawsuit, including appeals, the parties will be allowed to withdraw any documents filed under seal. If such documents are not withdrawn within forty-five (45) days after the conclusion of the lawsuit (i.e., the time for all appeals has passed), such documents will be unsealed and made a part of the public file.

12. Any person or entity not a party to this litigation may petition the Court for access to materials designated "Confidential" by the Producing Party or Recipient after first attempting to obtain the Parties' agreement to disclose the materials designated "Confidential". This Protective Order shall not operate to preclude suit by a non-party brought pursuant to statute, regulation or rule providing for public access to governmental records.

13. This Order does not apply to materials introduced at any trial in this matter. Counsel shall confer, and the Court shall thereafter resolve by separate order, the procedures necessary to preserve and protect the confidentiality of any Confidential Material produced in this matter and used in the course of any trial.

14. If a Party to this Action designates Confidential Material, and a different Party to this Action (a) is subpoenaed for said Confidential Material in another action, or (b) is served with a demand for said Confidential Material in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to this Litigation for said Confidential Material, that party or their counsel shall give prompt actual written notice, by hand for facsimile transmission, within seventy-two hours of receipt of such subpoena, demand or legal process to those who produced or designated the material as "Confidential" or their legal counsel. If 14 days elapse after receipt of such actual written notice, the subpoena, demand or other legal process shall be complied with. But if the interested Party files a motion to quash or takes other appropriate legal action within the 14 day period after receipt of actual written notice, the Party to whom the subpoena, demand or legal process is directed shall not disclose the Confidential Material until the Court rules upon the pending motion. Nothing herein shall be construed as requiring any Party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. The provisions of this Paragraph 14 shall not apply to any Party that already has returned or destroyed all Confidential Material in accordance with Paragraph 10 of this Order.

ENTERED:

Date:   June 26  , 2008

_____
Hon. James F. Holderman

Case 1:08-cv-00004    Document 51    Filed 06/26/2008    Page 8 of 9

| | | |
|---|---|---|
| **TODD AUSTIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08 C 04 |
| | ) | |
| **CITY OF CHICAGO HEIGHTS,** | ) | **Judge Holderman** |
| **Chicago Heights Police Officer** | ) | |
| **MARTINEZ, Star # 136, and Chicago** | ) | **Magistrate Judge Cox** |
| **Heights Police Officer FRED SERRATO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

I, _____, have been advised that certain information produced in the above-captioned case has been designated as "CONFIDENTIAL INFORMATION" by one of the parties in this case and is protected by a Protective Order of court dated _____.  I have read the Protective Order, have been explained its terms, and agree to be bound by it.


_____

_____

Dated:_____

**EXHIBIT A**